USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/15/2025__

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

Joseph Maharaj (pro se)

    Movant,

v.

United States of America,

    Respondent.

Case No. 24-cr-00018-1 (NSR)

Case No. 7:24-cv-07719 (NSR)

**The Government is directed to respond to pro se Movant's motion by January 16, 2026. The Clerk of Court is directed to mail a copy of this endorsement to pro se Movant at the address listed on the docket and to show service on the docket.**

**Dated: December 15, 2025**
**White Plains, New York**

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

UNDER 28 U.S.C. § 2255

INTRODUCTION

I respectfully submit this motion under 28 U.S.C. § 2255, asking the Court to vacate, set aside, or correct my sentence because my Sixth Amendment right to effective assistance of counsel was violated during the critical sentencing phase of my case. Although I am not a lawyer, I am an educated professional. I have made every effort to understand the legal standards governing ineffective assistance of counsel and to present the issues clearly and respectfully. The errors and omissions by my trial counsel, Mr. Stephen Riebling, undermined the integrity of the sentencing process and violated my Sixth Amendment right to effective representation, resulting in an unjust and excessive sentence. Among the errors at my sentencing, Mr. Riebling did not accurately convey the actual circumstances of the offense, my role in relation to others, my family's serious

1

medical hardships, the rehabilitation I had already begun at the time, or the law guiding the proper application of the Sentencing Guidelines in white-collar cases.

At sentencing, I received a 90-month sentence—much higher than the median for similarly situated defendants (72 months) and the 37 months my attorney had requested. The record shows that this result was directly affected by significant errors and omissions by my attorney. His medical condition (including a heart attack during my case), lack of preparation, and inability to answer the Court's questions left the Court with a distorted understanding of me, my motives, and the proper legal framework. For these reasons, as explained more fully in the attached Memorandum of Law, I respectfully ask the Court to grant this motion.

**PROCEDURAL HISTORY**

1. On March 22, 2023, I pleaded guilty to conspiracy to commit mail fraud under 18 U.S.C. § 1349.
2. On May 20, 2024, I was sentenced to 90 months in federal custody.
3. I filed a notice of appeal.
4. While my direct appeal was still pending, I filed a § 2255 petition raising ineffective-assistance-of-counsel claims. The Court dismissed that petition without prejudice.
5. My direct appeal has now concluded.
6. This filing is therefore my first § 2255 motion to be considered on the merits, and is not a "second or successive" petition within the meaning of § 2255(h).

**GROUNDS FOR RELIEF**

I respectfully raise the following grounds, which are supported by detailed argument and citations in my accompanying Memorandum of Law:

**Ground One**

2

My counsel failed to argue effectively against the undue emphasis on the loss amount in the Sentencing Guidelines, despite clear Second Circuit and district precedent holding that loss-driven calculations often exaggerate the severity of white-collar offenses and justify downward variances.

**Ground Two**

My counsel failed to rebut the government's portrayal of me as motivated by greed, even though extensive evidence existed showing:

- minimal personal financial gain,
- significant coercive pressure from my employer (Shawn Rains) and my stepfather,
- a lifetime record of community service, generosity, and low-risk conduct, and
- my long-standing role as a provider for a medically fragile family.

**Ground Three**

My counsel failed to investigate, develop, or present critical mitigating evidence, including:

- my daughter's serious neurological condition (seizures, brain cysts),
- my wife's lupus and the burden of single parenting,
- my deep involvement as a caregiver and emotional anchor for my children,
- my substantial community involvement through coaching and charitable contributions,
- the pressures that influenced my decisions, and
- the minimal benefit I personally received.

These were not marginal details; they went directly to the § 3553(a) analysis that the Court repeatedly asked my attorney to address.

**Ground Four**

My counsel failed to present a restitution plan, failed to communicate my offer of cooperation, and failed to provide critical information to the government and the Court,

3

leading the Court to believe I lacked remorse or a willingness to make amends. The

record and my documented conduct contradict this impression.

**Ground Five**

My counsel failed to deliver coherent, prepared, or competent sentencing
advocacy.

At sentencing:

- He could not explain his own 37-month request.
- He stumbled, gave incomplete answers, and failed to respond to the Court's concerns.
- He failed to cite controlling Second Circuit law.
- He failed to provide the Court with any meaningful reason to vary downward.
- He was recovering from a heart attack during my case, affecting his preparation.
- I received notice of my sentencing date only one day before the hearing, leaving no time to prepare a statement or review the presentence report with counsel.

This performance fell far below an objective standard of reasonableness.

**Ground Six**

**Cumulative error.**

Even if individual errors are viewed as insufficient, their combined effect

deprived me of a fair sentencing.

**REQUEST FOR RELIEF**

For the reasons stated above and in the accompanying Memorandum of Law, I

respectfully request that the Court:

1. Vacate my sentence;
2. Order a full resentencing before a different sentencing judge, or in the alternative,
3. Grant an evidentiary hearing to resolve disputed factual issues.

I ask only for the fair sentencing process that I did not receive.

4

Respectfully submitted,

Joseph Maharaj
Reg. No. 81689-509
FCI Lewisburg – Satellite Camp
P.O. Box 1000
Lewisburg, PA 17837

Date: 12/4/25

**CERTIFICATE OF SERVICE**

I certify that on this date, I placed a copy of this motion and the accompanying memorandum of law via first-class mail for delivery to the United States Attorney's Office for the Southern District of New York.

Stephanie Simon, DOJ-USAO
1 Saint Andrew's Plaza
New York, NY 10007

Date: 12/4/25

Raquel Maharaj

Joseph Maharaj
179 Waccabuc Rd
Goldens Bridge, NY 10526

Retail



10601

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
GOLDENS BRIDGE
NY 10526
DEC 06, 2025
$4.14

S2322T501027-01

Clerk of the Court
US District Court
White Plains Division
300 Quarropas St.
White Plains, NY 10601-4150